ANNA WEINGARTEN, Plaintiff, *v.* CHARLES KRAMER and SAMUEL PEARL, Defendants.

City Court of New York, New York County, January 27, 1931.

*Frederick W. Sperling*, for the plaintiff.

*Lind, Shlivek, Marks & Brin*, for the defendants.

WENDEL, J. This action was brought to recover from the defendants the sum of $1,860, with interest, upon a certain undertaking dated May 3, 1923, executed by the defendants herein in a separation action which had theretofore been brought in the Supreme Court, Bronx county. A jury was waived by counsel for both sides and the facts stipulated upon the record. The respective parties also waived findings of fact and conclusions of law.

The facts as stipulated upon the trial were as follows: On August 4, 1919, a final decree was awarded to this plaintiff in a separation action which granted to her a separation and directed her husband, one Morris Weingarten, to pay to her certain sums from time to time for her support and for the support and education of their children in an institution agreeable to both of them. This decree was made and entered in the office of the clerk of the county of Bronx, in which county said separation action had been brought. Thereafter, and on April 26, 1923, a further order was made in said separation action and entered in the office of the clerk of the county of Bronx, directing the plaintiff's husband, Morris Weingarten, to give a sufficient bond or undertaking in the sum of $7,500, securing to the plaintiff herein the payment to her by said Morris Weingarten, from time to time, of the sums directed to be paid to her by him pursuant to said separation decree hereinbefore referred to. Thereafter, and on May 3, 1923, pursuant to the aforesaid order of April 26, 1923, the defendants made and executed their joint and several undertaking, conditioned as follows:

"Now therefore, we, Charles Kramer, residing at #1261 50th Street, in the Borough of Brooklyn, City of New York, and Samuel Pearl residing at #3609 Broadway, in the Borough of Manhattan, City of New York, jointly and severally undertake that the plaintiff, Morris Weingarten, will pay to the defendant, Anna Weingarten, from time to time, as the same becomes due and payable, pursuant to the decree made by this court and entered on the 4th day of

August, 1919, the sums directed to be paid to her for her support and maintenance and for the support and maintenance of the children of the marriage between the plaintiff and the defendant; and we do jointly and severally undertake to pay the said sums in default of the non-payment by the plaintiff, Morris Weingarten, and become bound to the defendant in an amount not exceeding the sum of Seventy-five hundred ($7500) Dollars."

Thereafter, the decree of separation was modified so as to increase the amount of alimony to be paid thereunder to the sum of $100 per week, and said order of modification further provided that the bond theretofore given by these defendants should remain as security for the payments to be made under such decree as modified. This modification was made without notice and without the approval and consent of the defendants herein. Thereafter, the said Morris Weingarten defaulted in making further payments in accordance with the modified decree of separation and an action was then commenced against these defendants on the bond, in the Municipal Court of the city of New York, borough of Manhattan, Fifth District, to recover $600, the amount in which the said Morris Weingarten had fallen in arrears. The defendants appeared and pleaded a general denial and also that the undertaking had abated and become discharged by the modification without the consent and approval of the defendants. Plaintiff, however, had judgment in that action by inquest, and said judgment was thereafter paid.

Thereafter, and on June 20, 1928, the original decree of separation was modified a second time, so as to reduce the alimony payable thereunder from $100 per week to $60 per week. This second modification likewise was without the knowledge, approval and consent of the defendants herein. Thereafter, the said Morris Weingarten again defaulted in the payment of the alimony provided in the said decree as modified the second time, and at the time of the commencement of this action there was due and unpaid the sum of $1,860, with interest on the weekly payments of $60 commencing June 3, 1929. This latter amount of $1,860 is the amount sued for herein.

The defendants herein have pleaded the abatement of their liability upon the said obligation by reason of the said modifications of the original obligation without their knowledge, approval and consent.

It is the defendants' contention in this action that while they might be bound by the adjudication in the Municipal Court on the first modification of the decree, the second modification wherein the alimony was reduced from $100 per week to $60 per week discharged their obligation entirely upon the said undertaking.

As between private parties, the law is that any alteration in the obligation or contract, in respect of which a person has become surety, without his consent, extinguishes the obligation and discharges him, and this rule follows whether the alteration could work any injury to the surety or not. The reason upon which this rule is founded is that the surety had not made the contract upon which it is sought to charge him.

The question arises whether this rule is applicable to all cases of suretyship. It has been held that it does not apply to sureties upon the bond of a public officer (*People* v. *Vilas*, 36 N. Y. 459), not to a bond given, as in this case, to secure the payment of maintenance and support. (*Commonwealth* v. *Mendelsohn*, 83 Penn. Sup. Ct. 593.)

The above cases recognize the distinction between contracts of suretyship in ordinary business affairs and those given for the faithful discharge of official duties or connected with judicial proceedings. The analogy between the latter class of cases and the former is quite clear. In the former, no alteration can be made without mutual consent of both parties. In the latter, the obligation is one imposed by law and can be altered only by the Legislature or the court. The obligation of the husband here was imposed by the court. Neither the husband nor the wife and children could alter it. The right to change it was vested solely in the court. The sureties knew, or at least are charged with knowledge, that the court at all times had power to change the amount and the time of payment of support and maintenance and must be deemed to have executed their undertaking so knowing. In effect, it is the same as though this power was recited in the bond. Had this been done, it would not be claimed that the sureties were discharged by its exercise. The modification here neither changed the nature nor the extent of the obligation of the sureties. It seems, therefore, that the sureties, knowing that the fixation was subject to such changes as might from time to time be deemed expedient by the court, impliedly stipulated that their obligation was subject to any changes so made. (See *People* v. *Vilas, supra.*) *Commonwealth* v. *Mendelsohn (supra)* is a case where, pursuant to the order of the court, the surety gave a bond to secure the payment by the husband of an award made by the court for the support of his wife and children. The amount of such award was thereafter reduced by the court. Suit was brought against the surety, and, as here, he defended on the ground that the change in the allowance was an alteration which relieved him from liability. The court said: " There is a well-recognized distinction between contracts of suretyship in ordinary business affairs and those connected with judicial

proceedings. The acts of assembly under which official bonds are given and judicia contracts made, enter into and modify such bonds and contracts, and parties may be considered as contracting with a view to what the law prescribes and as assenting to all the legal consequences of their act; that when a person becomes surety for another in a judicial proceeding there is an implied understanding that it shall be conducted according to the provisions of law relating thereto." It was accordingly held that as the modification of the order for support was, under the law, in the discretion of the court, such alteration did not relieve the surety from liability on his bond.

The above conclusion is based upon the assumption, apparently acquiesced in by the parties, that under the express provisions of the bond the defendants are obligated only to the extent of the specific sums directed to be paid by the provision then contained in the decree of separation respecting allowance for support and maintenance. A careful reading of their obligation, however, seems to indicate that it is not confined to or limited by the amount for support and maintenance specified in such collateral provision. They expressly obligated themselves for the payment by the husband of the sums directed to be paid by him " pursuant " to the separation decree, which includes all payments then or thereafter directed by the court to be made under said decree.

Judgment for plaintiff. Settle order on notice.